| | |
|---|---|
| 1 | KAMALA D. HARRIS |
| | Attorney General of California |
| 2 | SARA J. DRAKE, State Bar No. 102565 |
| | Senior Assistant Attorney General |
| 3 | WILLIAM P. TORNGREN, State Bar No. 58493 |
| | Deputy Attorney General |
| 4 | WILLIAM L. WILLIAMS, JR., State Bar No. 99581 |
| | Deputy Attorney General |
| 5 | 1300 I Street, Suite 125 |
| | P.O. Box 944255 |
| 6 | Sacramento, CA 94244-2550 |
| | Telephone: (916) 324-3725 |
| 7 | Fax: (916) 323-2319 |
| | E-mail: Bill.Williams@doj.ca.gov |
| 8 | *Attorneys for Plaintiff* |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| **STATE OF CALIFORNIA,** | Case No. 1:14-CV-01593 LJO SAB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| **PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS OF CALIFORNIA, A FEDERALLY RECOGNIZED INDIAN TRIBE,** | |
| Defendant. | |

Pending a hearing on Plaintiff State of California's (State) motion for preliminary injunction, which is currently set for hearing on October 15, 2014 at 1:30 p.m., the Court makes the following findings of fact and conclusions of law:

1. The State and the Picayune Rancheria of Chukchansi Indians of California (Tribe) entered into a class III gaming compact (Compact) on September 10, 1999. Pursuant to the Compact the Tribe operates the Chukchansi Gold Resort and Casino (Casino) located in Madera County, California.

2. The Compact makes provisions to protect the public health and safety. Under section 8.1.2 of the Compact, the Tribe agreed to ensure "the physical safety of Gaming Operation patrons and employees, and any other person while in the Gaming Facility." Section 10.1 of the Compact provides: "The Tribe will not conduct Class III gaming in a manner that endangers the public health, safety, or welfare . . . ."

3. An intra-tribal dispute exists among Tribe's members. As a result of this dispute, three factions claim tribal leadership rights and the right to the Casino's possession and control. The intra-tribal dispute involves armed factions and thus pose a threat to the public health, safety, and welfare.

4. The Court has jurisdiction over this case under section 1331 of title 28 of the United States Code because the State's claim arises under federal statutes and the federal common law. This Court also has jurisdiction pursuant to section 2710(d)(7)(A)(ii) of title 25 of the United States Code because this action is initiated by the State to enjoin conduct related to the Tribe's class III gaming activity that violates the Compact.

5. The State has made a strong showing that it is likely to prevail on the merits of its claim because the ongoing tribal standoff between armed factions at the Casino breaches the Tribe's duties under the compact.

6. The State has no plain, speedy or adequate remedy at law to redress the injuries it will suffer if the Tribe is not temporarily restrained and enjoined in the above described manner, including but not limited to the threat of physical violence against residents of California and members of the Tribe.

7. The equities clearly favor the State and its interests to protect the public health, safety, and welfare.

8. Issuance of this temporary restraining order will serve the public interest by preserving the status quo, and avoiding injury to the people of the State, until the State's motion for preliminary injunction can be heard and determined in due course.

9. The State has acted timely in seeking a temporary restraining order to preserve the status quo until its motion for preliminary injunction can be heard and determined.

**Order Granting Plaintiff's Motion for Temporary Restraining Order**

Based upon the forgoing findings of fact and conclusions of law, and good cause appearing, it is hereby ordered that the State's motion for a temporary restraining order is granted without requiring the State to post security, and that the Tribe, and all if its officers, agents, servants, employees and attorneys and all persons acting under the Tribe's direction and control, including both factions currently claiming to constitute the tribal government, are hereby enjoined and restrained from:

1. Attempting to repossess, or take control of, the Casino, located in Madera County, California (Casino).

2. Deploying tribal police or other armed personnel of any nature within 1000 yards from the Casino, the property on which the Casino is located, and tribal properties surrounding the Casino including the nearby hotels and tribal offices.

3. Possessing, carrying, displaying, or otherwise having firearms on the Tribal Properties.

4. Operating the Casino unless and until it is established before this Court that the public health and safety of Casino patrons, employees, and tribal members can be adequately protected from the violent confrontations and threats of violent confrontation among the tribal factions disputing leadership of the Tribe and control of the Casino.

IT IS SO ORDERED.

Dated: October 10, 2014      __/s/ Lawrence J. O'Neill_____
JUDGE OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA