Robert Rosette (CA SBN 224437)
Geoffrey M. Hash (SBN 227223)
ROSETTE, LLP
193 Blue Ravine Road, Suite 255
Folsom, California 95630
Telephone: (916) 353-1084
Facsimile: (916) 353-1085
rosette@rosettelaw.com
ghash@rosettelaw.com

Attorneys for the Picayune Rancheria of the
Chukchansi Indians, a federally recognized
Indian Tribe

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS OF CALIFORNIA, A FEDERALLY RECOGNIZED INDIAN TRIBE,<br><br>Defendant. | Case No.: 1:14-cv-01593 LJO SAB<br><br>**DEFENDANT PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS' ANSWER TO FIRST AMENDED COMPLAINT** |

    Defendant Picayune Rancheria of Chukchansi Indians, a federally recognized Indian tribe, through the 2010 Interim Tribal Council[1] ("Defendant") hereby submits the following Answer and Affirmative Defenses to the First Amended Complaint ("FAC") on file herein as follows:

---

[1] By decision dated February 11, 2014, the Bureau of Indian Affairs recognized the 2010 Tribal Council as the body with which it would conduct business with on an interim basis, thus our reference to it herein as the "2010 Interim Tribal Council."  This recognition was appealed and, thereafter, on February 9, 2015, the Interior Board of Indian Appeals affirmed recognition of the 2010 Interim Tribal Council, <u>effective immediately</u>.  As a result, the National Indian Gaming Commission and other United States Government Agencies also recognized that 2010 Interim Tribal Council as the governing both with which they would conduct business.

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California  95630

1     Case No.: 1:14-cv-01593 LJO SAB

DEFENDANT PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS' ANSWER TO FIRST AMENDED COMPLAINT

1. In response to paragraph 1 of the FAC, Defendant admits that this action seeks emergency and other injunctive relief.  Defendant denies each and every other allegation contained within said paragraph.

2. In response to paragraph 2 of the FAC, Defendant denies each and every allegation contained within said paragraph.

3. In response to paragraph 3 of the FAC, Defendant admits that the facts alleged herein occurred within Coarsegold California, located within this District.  Defendant denies each and every other allegation contained within said paragraph.

4. In response to paragraph 4 of the FAC, Defendant admits that the Tribe entered into a tribal-state class III gaming compact with Plaintiff on or about September 10, 1999, and that the Tribe owns and operates a class III gaming casino in Coarsegold, Madera County, California.  Defendant denies each and every other allegation contained within said paragraph.

5. In response to paragraph 5 of the FAC, Defendant admits the facts alleged therein.

6. In response to paragraph 6 of the FAC, Defendant admits that the "Tribal Gaming Agency" is charged with the "authority to promulgate, and shall promulgate, at a minimum, rules and regulations or specifications . . . "ensuring the physical safety of Gaming Operation patrons and employees, and any other person while in the Gaming Facility."  Except for as expressly admitted herein, Defendant denies each and every other allegation contained within said paragraph.

7. In response to paragraph 7 of the FAC, Defendant admits the facts alleged therein, and calls attention to the definition of "Tribe" as set forth in section 2.21, specifically the "federally-recognized Indian tribe, *or an authorized official or agency thereof*."  (Emphasis added).

8. In response to paragraph 8 of the FAC, Defendant admits the facts alleged therein.

9. In response to paragraph 9 of the FAC, Defendant admits the facts alleged therein.

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California  95630

2                                    Case No.: 1:14-cv-01593 LJO SAB
DEFENDANT PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS' ANSWER TO FIRST AMENDED COMPLAINT

10. In response to paragraph 10 of the FAC, Defendant admits that, *in the past*, an intra-tribal dispute existed among various groups due, in significant part, to the United States Federal Government's failure to fulfill its trust obligations. Defendant further admits that, in the past, some groups – including that group led by Tex McDonald – resorted to violence and taking up arms. Except for as expressly admitted herein, Defendant denies each and every other allegation contained within said paragraph.

11. In response to paragraph 11 of the FAC, Defendant admits that other groups have, *in the past* and in light of the United States Government's failure to fulfill its trust duties, attempted to control the Tribe. Except for as expressly admitted herein, Defendant denies each and every other allegation contained within said paragraph.

12. In response to paragraph 12 of the FAC, Defendant admits the facts alleged therein, with the following qualification: no "security personnel" for the McDonald Faction were "held at gun point and/or tased during the takeover." Rather, Defendant is informed and believes that it was exclusively the "security personnel" for the McDonald Faction that held others at gun point, tased others, and otherwise assaulted others during the McDonald Faction's attempted takeover of the Tribe's Casino.

13. In response to paragraph 13 of the FAC, Defendant admits that the actions of the McDonald Faction and its purported "security personnel" posed a threat to public safety until that group was neutralized. Except for as expressly admitted herein, Defendant denies each and every other allegation contained within said paragraph.

14. In response to paragraph 14 of the FAC, Defendant admits the facts alleged therein.

15. Defendant denies each and every allegation contained within paragraph 15.

16. Defendant denies each and every allegation contained within paragraph 16.

///
///
///
///

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California  95630

3         Case No.: 1:14-cv-01593 LJO SAB

DEFENDANT PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS' ANSWER TO FIRST AMENDED COMPLAINT

# DEFENDANT'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
(Lack of Jurisdiction)

Plaintiff's Complaint should be dismissed as the Court lacks personal and subject matter jurisdiction over Defendant.

## SECOND AFFIRMATIVE DEFENSE
(Sovereign Immunity)

Plaintiff's Complaint should be dismissed as Defendant has immunity from this action as a result of its status as a federally recognized Indian tribe.

## THIRD AFFIRMATIVE DEFENSE
(Failure to State Sufficient Facts)

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## FOURTH AFFIRMATIVE DEFENSE
(Laches)

Defendant is informed and believes and thereupon alleges that Plaintiff's Complaint should be dismissed as Plaintiff is guilty of laches.

## FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

Defendant is informed and believes and thereupon alleges that Plaintiff is estopped by its own conduct and omissions from asserting any claims or seeking other relief from Defendant.

## SIXTH AFFIRMATIVE DEFENSE
(Waiver)

Defendant is informed and believes and thereupon alleges that Plaintiff, by its actions and/or omissions, knowingly, voluntarily and willingly waived any rights it might otherwise have had against Defendant.

///

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630

4     Case No.: 1:14-cv-01593 LJO SAB

DEFENDANT PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS' ANSWER TO FIRST AMENDED COMPLAINT

**SEVENTH AFFIRMATIVE DEFENSE**
(Unclean Hands)

Defendant is informed and believes and thereupon alleges that Plaintiff, by its own conduct, acts, and/or omissions, is barred by unclean hands and shares fault in all legal and equitable relief requested in the FAC.

**EIGHTH AFFIRMATIVE DEFENSE**
(Failure to Mitigate)

Defendant alleges that, to the extent Plaintiff has been harmed or damaged, Plaintiff failed to take adequate steps to minimize, alter, reduce or otherwise diminish its damages, if any, with respect to the matters alleged in the FAC, and by reason of the foregoing, Plaintiff is barred from the recovery of damages.

**NINTH AFFIRMATIVE DEFENSE**
(Comparative/Contributory Fault)

Defendant alleges that Plaintiff is barred, in whole or in part, by its own fault from any legal or equitable relief against Defendant.

**TENTH AFFIRMATIVE DEFENSE**
(Defendant's Full Performance)

Defendant is informed and believes and thereupon alleges that it has performed and fully discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in Plaintiff's FAC.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Prevention of Performance)

Defendant is informed and believes and thereupon alleges that, to the extent Defendant did not perform and fully discharge all obligations and legal duties to Plaintiff as required pursuant to the contract, Plaintiff, by its actions and/or omissions, knowingly, voluntarily and willingly prevented Defendant's performance under the contract now at issue.

///

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630

5    Case No.: 1:14-cv-01593 LJO SAB

DEFENDANT PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS' ANSWER TO FIRST AMENDED COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**
(Failure to Pursue Alternative Dispute Resolution)

Defendant is informed and believes and thereupon alleges Plaintiff failed to pursue the alternative dispute resolution provisions set forth in section 9.0 of the contract at issue.

**THIRTEENTH AFFIRMATIVE DEFENSE**
(Attorneys' Fees and Costs Not Recoverable)

Defendant is informed and believes and thereupon alleges Plaintiff is not entitled to recover attorneys' fees or costs under the contract now at issue. To the extent the contract addresses attorneys' fees or costs, it expressly establishes that each party shall bear its own costs and fees.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by virtue of this action;
2. That the Court enter judgment for Defendant;
3. For costs of suit incurred herein, including attorneys' fees;
4. For an order of this Court denying all relief sought by Plaintiff herein; and
5. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,
ROSETTE, LLP

Dated: May 12, 2015        By:   /s/Geoffrey M. Hash
                                 Geoffrey M. Hash
                                 Attorney for Defendant

Rosette, LLP
193 Blue Ravine Road
Suite 255
Folsom, California 95630

6        Case No.: 1:14-cv-01593 LJO SAB

DEFENDANT PICAYUNE RANCHERIA OF THE CHUKCHANSI INDIANS' ANSWER TO FIRST AMENDED COMPLAINT