# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>    Plaintiffs,<br><br>    v.<br><br>PICAYUNE RANCHERIA OF CHUKCHANSI INDIANS OF CALIFORNIA, A FEDERALLY RECOGNIZED INDIAN TRIBE,<br><br>    Defendant, | CASE NO. 1:14-CV-01593-LJO-SAB<br><br>ORDER REQUESTING SUPPLEMENTAL BRIEFING AND VACATING NOVEMBER 12, 2015 HEARING. |

    The Picayune Rancheria of Chukchansi Indians of California, a federally recognized Indian Tribe ("Tribe") operates the Chukchansi Gold Resort and Casino ("Casino"), in Madera County, California pursuant to a class III gaming compact with the State of California ("Plaintiff" or "State"). An intra-tribal dispute arose among various tribal members, which led to three or more separate groups (or "Factions") claiming leadership rights over the Tribe and the rights to control the Casino. At least five groups have now made appearances through separate counsel in this case, including the Lewis/Ayala Faction (a.k.a. the "2010 Tribal Council"); a newly elected successor to the 2010 Tribal Council (the "New Tribal Council"); the McDonald Faction; the Reid Faction, and a group calling themselves the "Distributees."

    On October 9, 2014, the intra-tribal dispute led to an armed conflict on the grounds of the Casino. As a result, on October 10, 2014, the State petitioned for, and this Court issued, a temporary

restraining order ("TRO"), restraining and enjoining, among other things, the operation of the Casino, any further attempts to repossess or take control of the Casino, and/or the deployment of armed personnel of any nature (other than State, County, or federal law enforcement) within 1,000 yards of the Casino and nearby properties. Doc. 5. The TRO was modified slightly in open Court at an October 15, 2014 hearing to permit certain Casino operations to move forward, including those required to secure cash from the Casino floor. *See* Docs 16 & 21.

On October 29, 2014, the Court converted the TRO into a preliminary injunction ("PI") that enjoined all tribal factions from "[a]ttempting to disturb, modify or otherwise change the circumstances that were in effect at the Casino as of the afternoon of October 8, 2014," including "attempting to repossess, or take control of the Casino in whole or in part." Doc. 48 at 9. However, "[p]ayments in the ordinary course of business, including mandatory fees to the gaming commission actually supervising the Casino's operations on October 8, 2014, and per capita tribal distributions based upon the Tribe's membership list as of December 1, 2010, that are made in equal amounts," were deemed not violative of the PI. *Id.* The PI did prohibit "discretionary payments ... to any group claiming to be the duly constituted tribal council or claiming control over tribal matters." *Id.* Additional terms of the PI imposed a weapons prohibition within the general vicinity of the Casino; prohibited the removal of documents from the Casino and called for the return of documents previously removed; and prohibited operation of the Casino "unless and until it is established before this Court that the public health and safety of Casino patrons, employees, and tribal members can be adequately protected from the violent confrontations and threats of violent confrontation among the tribal groups disputing leadership of the Tribe and control of the Casino." *Id.* at 9-10. This latter prohibition was deemed to "have no further force and effect if the [National Indian Gaming Commission ("NIGC")] issue[d] an order lifting its Closure Order and, within one-half court day thereof, the State does not object to reopening the Casino." *Id.*

On July 20, 2015, the 2010 Tribal Council moved for an order modifying the PI. Doc. 79. According to the 2010 Tribal Council, the Tribal leadership dispute had been resolved, but final federal

recognition was hung up on the fact that the McDonald Faction continues to occupy certain tribal government office buildings located at 46575 Road 417 (the "Modular Complex"), directly across from the Casino. Declaration of Dora Jones ("Jones Decl."), Doc. 79-3, at ¶ 10. After taking steps to evict the McDonald Faction from the premises in question, 2010 Tribal Council asked the Court to modify the PI to "clarify that no persons are permitted to occupy the [various tribal government buildings located at 46575 Road 417] until it is established that such occupation will no longer be a threat to the public safety, or until the NIGC Order is lifted." Doc. 79-4 (Proposed Order). The Court declined this invitation to "dramatic[ally] escalat[e] [] this Court's involvement in the business and operation of the Casino," Doc. 81 at 3, reasoning that the Court's role in this case is limited:

> As mentioned in previous orders, jurisdiction exists in this case pursuant to 25 U.S.C. § 2710(d)(7)(A)(ii), a provision of the Indian Gaming Regulatory Act ("IGRA"), which provides in pertinent part that the "United States district courts shall have jurisdiction over ... any cause of action initiated by a State or Indian tribe to enjoin a class III gaming activity located on Indian lands and conducted in violation of any Tribal-State compact." Specifically, the State alleged and the Court preliminarily found that the Tribe was operating class III gaming activities in the Casino in violation of the Section 10.1 of the Compact, which provides that the "Tribe will not conduct Class III gaming in a manner that endangers the public health, safety, or welfare." *See* Doc. 48 at 2. The Court found that the armed conflict on October 9, 2014 created a significant danger to public health and safety in breach of Section 10.1 of the Compact. *Id.* at 7. In addition, the Court found that, at least as of October 29, 2014, the parties' inability to resolve their ongoing intra-tribal dispute over Tribal governance indicates that the underlying impetus for the armed conflict had yet to dissipate. *Id.*
>
> Because of the nature of the Compact language upon which this Court's jurisdiction rests, the injunctive relief in place in this case is limited by the scope of the safety hazard addressed by the injunction. This Court indicated previously that "[t]here is no question that this Court would have jurisdiction to issue an order to show cause re contempt if any tribal faction violated this Court's weapons ban on Casino grounds or the prohibition against re-opening of the Casino without consent of the NIGC and the State." Doc. 65 at 4. However, the present Motion requests something entirely different and far more interventionist. While the facts as presented by Movants suggest escalating tension between the factions, the NIGC Order has not been lifted and the Casino is not open, so this Court does not need to intervene to protect the public from imminent danger. Instead, Movants essentially ask this Court to ratify the 2010

>Tribal Council's eviction notice, thereby transforming any non-compliance by the McDonald Faction into a violation of a federal Court order. The Court can identify absolutely no authority to support such an exercise of its jurisdiction.

Doc. 81 at 5-6.

Now before the Court for decision is a motion brought by the Distributees requesting an Order to Show Cause why 2010 Tribal Council should not be held in contempt for violating the PI by "attempting to prepare the [] Casino for opening without the permission of the Court and by making payments from funds remaining in the [C]asino cashier cage to themselves, which are not mandatory fees for regulatory purposes." Doc. 83-1 at 2 (Notice of Motion). Of particular concern to the Court is Distributees' assertion that the 2010 Tribal Council or its successor may have organized and conducted a job fair on Casino grounds and that this job fair (and/or similar activities) may have brought members of the public onto Casino property . Doc. 83 at 2; *see also* Declaration of Luke Davis, Doc. 83-3, at ¶ 5.

In response to Distributees' motion, the Plaintiff (the State of California) has taken no position, asserting that "Distributees' motion involves issues that are confined to the exercise of [Tribal] sovereign authority." Doc. 84. A response was filed by the 2010 Tribal Council, Doc. 85, even though the 2010 Tribal Council apparently disbanded, Doc. 86 at 8. The 2010 Tribal Council joined a further Opposition submitted by its apparent successor, the New Tribal Council. Doc. 86. The New Tribal Council's Opposition, in turn, argued, generally that Distributees' motion should be denied for the same reason(s) the 2010 Tribal Council's motion was denied in July (i.e., lack of jurisdiction). *Id*. However, the Opposition is devoid of any <u>factual</u> information addressing the Distributees' <u>factual</u> assertion that, among other things, members of the public may have been invited onto Casino grounds for a job fair. Accordingly, the New Tribal Council and/or the 2010 Tribal Council is instructed to supplement its Opposition with evidence pertaining to any job fairs held in the recent past and/or planned for the future, including any information about whether members of the general public did or are expected to participate in any such events. Any such supplemental evidence shall be filed on or before 2:00 p.m.,

Monday, November 9, 2015. Thereafter, Distributees shall have until 2:00 p.m. on Monday, November 16, 2015, to file a response, addressing only new information raised in the supplemental filing. The Court will then review the record and determine whether a hearing is required. Accordingly, the current hearing date of November 12, 2015 is VACATED.

IT IS SO ORDERED.

   Dated:   **November 2, 2015**          **/s/ Lawrence J. O'Neill**
                                                           UNITED STATES DISTRICT JUDGE